JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion. I conclude that the District Court abused its discretion by ignoring uncontroverted evidence. I would reverse the District Court’s order modifying George Platt’s child support obligation.
Chris Platt was bom on March 6,1976, and accordingly, his father will have an obligation to support him until March 6, 1994.
The District Court’s order determining the amount of George’s future child support obligation was based on an assumption that George’s annual earned income would be $64,980 and that he is entitled to no variances pursuant to 46.30.1543, ARM. However, the undisputed evidence indicates otherwise.
George’s affidavit, which was uncontroverted, established that his income would terminate on April 1,1993, and would not resume until November 1 of that year. His affidavit indicted that he would receive $1500 for retirement pay in November 1993, and $2000 per month thereafter. He also indicated that he had no post-retirement job, but then estimated what he could expect to earn if he was able to obtain a job. However, assuming he would find employment, the evidence was uncontroverted that his annual salary would be from $48,000 to $60,000 per year. Therefore, his child support obligation from April 1, 1993 through March 6, 1994, should not have been based on an estimated annual salary of $64,000 per year.
Furthermore, George submitted undisputed evidence by way of his affidavit that there was a cost of living differential between Pennsylvania and Montana; that he incurred additional costs for long distance visitation; and that he was paying for his child’s health care. Without any evidence to the contrary, the District Court arbitrarily ignored this evidence. The District Court concluded that there was *43 no evidence that long distance travel expense was incurred. However, George’s affidavit alone is sufficient evidence that it was incurred. There was no evidence to the contrary.
The District Court concluded that although George’s living expenses might have been greater than Laurel’s living expenses, they were voluntarily incurred because he acquired a new family. The basis for that conclusion is a mystery. The only evidence regarding the disparity in living expenses that I can find in this record is the evidence provided in George’s affidavit. George’s affidavit does not relate the disparity in his living expenses to the fact that he is remarried and has a family to support. Instead, he offered evidence of per diem rates paid by the United States government which indicate that the cost of living in Pennsylvania is about 33 percent higher than in Montana.
The District Court ignored George’s claim for a variance based upon his payment of Chris’s medical insurance or expenses because that item was apparently entered on the wrong line of the child support determination work sheet.
For these reasons, I conclude that the District Court abused its discretion in its determination of George’s child support obligation. I would reverse the judgment of the District Court and remand for entry of an order modifying George’s child support obligation by ordering that he pay $446.62 per month from March 18, 1992, until Chris reaches the age of majority.